

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 24, 1947

Mrs. Eloween Mesoh, R. N.
Secretary-Treasurer
State Board of Nurse Examiners
1035 Milam Building
San Antonio, Texas

Opinion No. V-265

Re: Authority of Board of
Nurse Examiners to re-
tain the National League
of Nursing Education to
frame and grade the exam-
inations of applicants
for registered nurse li-
censes.

Dear Mrs. Mesoh:

Reference is made to your letter under date of
June 2, 1947, a portion of which follows:

"Ever since it has been organized it has
been the practice of the Board for the
various members to write the necessary
examination questions to be submitted to
candidates for registration. For the
last few years an organization known as
the National League of Nursing Education
has been preparing examination questions
on various subjects for submission to
candidates for registration as graduate
nurses all over the United States. Some
of the directors of schools of nursing
in the State of Texas are urging upon
the Board the use of these questions.

"As understood by the Board the examina-
tion questions prepared by the League
are forwarded to the Board and the Board
holds the examinations. As part of the
agreement for the furnishing of the
examination questions, it is understood
that none of the questions will be added
to or subtracted from and that all answers
will be forwarded to the League of Nursing

Education where they are graded by a process used by the League. In other words upon payment of the required fees, the Board of Nurse Examiners of the State of Texas would receive the questions having nothing to do with the framing thereof nor with the grading of the answers.

"This Board under the various statutes makes the necessary rules and regulations for the governing of the curriculum for the nursing schools in Texas, has always prepared the necessary examinations and examined the answers of all applicants. The Board feels that under the statutes governing its actions, that it is not authorized to delegate to a person or persons or organization over which it has no control the examination of candidates for licensing under the statutes of Texas and it has instructed me to request from you an opinion as to whether or not this Board would be authorized to use the service of the League of Nursing Education above outlined in the preparing and correcting of examination questions and answers of applicants for licensing as registered graduate nurses in the State of Texas."

Article 4518a, Vernon's Civil Statutes, provides in part as follows:

"...And such graduate upon presenting such certificate to the State Board of Nurse Examiners shall upon the payment of required fees be entitled to take the examinations prescribed by the State Board; and upon making the passing grades prescribed by the Board, shall be entitled to receive from said Board a certificate certifying that such person is a graduate nurse and entitled to practice as a registered nurse in the State of Texas...."

Article 4519, Vernon's Civil Statutes, provides in part as follows:

> "...A grade of not less than seventy on
> any one subject shall be required to
> pass the examination. The examination
> shall be of such character as to deter-
> mine the fitness of the applicant to
> practice professional nursing. If the
> result of the examination be satisfactory
> to the board, a certificate shall be
> issued to the applicant, signed by
> the president and secretary and at-
> tested by the seal of said board,
> which certificate shall qualify the
> person receiving the same to practice
> professional nursing in this State..."

Although Article 4514, Vernon's Civil Statutes provides that "the board may make such by-laws and rules as may be necessary to govern its proceedings and to carry into effect the purpose of this law" it is apparent that the Legislature, in designating the agency the "Board of Nurse Examiners", intended just what the name implies; that is, that the Board should examine the applicants for registered nurse licenses, prescribe the examinations, determine that the examinations are of such character as to ascertain the fitness of the applicants to practice profession-al nursing, and to supervise generally the nursing profession.

The Legislature, in creating the Board of Nurse Examiners, delegated to such Board certain functions and in addition gave it the power to "make such bylaws and rules as may be necessary to govern its proceedings and to carry into effect the purpose of this law." Obvious-ly, the law was enacted to regulate the profession of nursing, and it was intended that the Board should be the agency to carry out the administration of such law.

With reference to subdelegation of power, that is, the authority of an administrative agency to dele-gate power previously delegated to it, we quote from Volume 1, Section 312, page 72, et seq, Sutherland on Statutory Construction:

> "....Nevertheless, in many statutes it is
> customary to grant power directly to the
> executive head or the board or commission.
> If the statute expressly authorizes the
> redelegation to a subordinate official,

the subdelegation is valid.  Where the
statute is silent on the question of
redelegation and the delegation was to a
single executive head, it is almost
universally held that the legislature,
understanding the impossibility of per-
sonal performance, impliedly authorized
the delegation of authority to subordinates...

"Probably the most satisfactory rule
in the subdelegation situation is
this:  Where the legislature intended
that the exercise of a particular func-
tion should be performed by persons
with special qualifications, then a
subdelegation is invalid; but where no
particular qualifications are necessary
for the exercise of the function, then
the exercise may be delegated to sub-
ordinate officials."

Again, in Volume 3, Section 6603, page 268 et
seq, Sutherland on Statutory Construction, the follow-
ing is said with reference to administrative agencies:

"Administrative agencies are purely
creatures of legislation without in-
herent or common-law powers.  The
general rule applied to statutes
granting powers to administrative
boards, agencies or tribunals is that
only those powers are granted which
are expressly or by necessary impli-
cation conferred, and the effect usual-
ly has been to accomplish a rather
strict interpretation against the
exercise of the power claimed by the
administrative body.  The rule has been
variously phrased, including language
to the effect that a power must be
'plainly' expressed; that a power is
not to be 'inferred' or taken by 'im-
plication'; or that the jurisdiction
of an administrative agency is not to
be 'presumed.' ..."

By referring to the entire act governing the
profession of nursing, it will be noted that no express
provisions are contained therein authorizing the Board

of Nurse Examiners to redelegate any of the powers conferred upon it.  Neither can it be said that the act authorizes, by implication, a redelegation of such powers.

It is, therefore, the opinion of this department that the Board of Nurse Examiners is not authorized to use the service of the League of Nursing Education as outlined in your request.

### SUMMARY

The Board of Nurse Examiners is not authorized to delegate to the National League of Nursing Education the preparation and grading of examination questions to be submitted to applicants for registered nurse licenses.  Such duties are delegated by the Legislature to the State Board of Nurse Examiners, and the Board is not authorized to redelegate the duties to another agency.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
J. A. Amis, Jr.
Assistant

APPROVED

_____
ATTORNEY GENERAL

JAA/JMc:jrb